IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AFFILIATED HEALTH CARE ASSOCIATES, P.C., on behalf of plaintiff and a class, | ) ) ) | |
| Plaintiff, | ) ) | 13 C 5782 |
| v. | ) ) | Judge Manish S. Shah |
| HANDIT2 NETWORK, LLC, STANDARD HOMEOPATHIC CO., HYLAND'S, INC., and JOHN DOES 1-10, | ) ) ) ) | |
| Defendants. | ) | |

**ORDER FINALLY APPROVING SETTLEMENT**

On August 13, 2014, this Court entered an order preliminarily approving the class action settlement (the "Preliminary Approval Order," *Dkt. No. 79*) between Plaintiff Affiliated Health Care Associates, P.C., on its own behalf and on behalf of the Settlement Class (as defined below), and Defendants Handit2 Network, LLC ("Handit2"), Standard Homeopathic Company ("SHC"), and Hyland's, Inc. ("Hyland's") (collectively, "Defendants") as memorialized in the Settlement Agreement between the Parties (the "Settlement Agreement" memorializing the "Class Action Settlement").

On January 26, 2015, this Court held a fairness hearing (the "Fairness Hearing"). Members of the Settlement Class had been given appropriate notice of the Fairness Hearing pursuant to Federal Rule of Civil Procedure ("Rule") 23(c)(2) and were invited to appear, including those members with any objections to the

Class Action Settlement. An opportunity to be heard was given to all persons requesting to be heard in any of the manner(s) prescribed in the Preliminary Approval Order. Counsel for Objector Edward Simon DC appeared in Court seeking to address the proposed Class Action Settlement. Having considered the Settlement Agreement (*Dkt. No. 79-1*), the Joint Memorandum in Support of Injunctive Relief (*Dkt. No. 77*) Plaintiff's Memorandum (and Amended Memorandum) in Support of Final Approval of the Class Action Settlement (*Dkt. Nos. 97, 98*), Petition for Attorney's Fees (*Dkt. Nos. 86, 97, 98*), the Objections to Proposed Settlement by Edward Simon, Noah's Ark Child Center, and Bethany Day Care Center (*Dkt. Nos. 89, 83, 92*), The Parties' Responses to Objections by Edward Simon (*Dkt. Nos. 99, 100*), the Declarations of Daniel M. Krombach and Patrick A. Chylinski (*Dkt. Nos. 101, 102*), oral arguments by counsel for each of the Parties and counsel for objector Edward Simon, and all other evidence submitted to the Court concerning the Class Action Settlement, and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED THAT:**

1.  This Court has jurisdiction over Plaintiff, Defendants, members of the Settlement Class, and the claims asserted in Plaintiff's class action complaint, as amended (the "Litigation").

2.  Plaintiff alleges in the Litigation that Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and committed common law conversion, by transmitting unsolicited facsimile advertisements. As fully described

in the Preliminary Approval Order and the Settlement Agreement, the Parties desire to settle the Litigation.

3. The Class Action Settlement as memorialized in the Settlement Agreement was negotiated in good faith and at arm's length and is fair, reasonable, adequate and in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by the Litigation. Settlement Class Counsel, as defined herein, successfully conducted reasonable and sufficient discovery, both formally and informally, to effectively analyze the strength of the claims and the considerations affecting the defendants' ability to satisfy a potential judgment, and negotiated the Settlement Agreement. The Court finds that the discovery cut-off date in this case did not compromise Settlement Class Counsel's ability to assess the case and conduct arm's length negotiations with defendants. The record provides no basis to suggest that an extension of discovery would not have been granted if requested, and therefore the cut-off date did not create unusual pressure to induce settlement. The financial information submitted by defendants at the final fairness hearing confirmed that the settlement amount was within the range of reasonableness in light of defendants' weak cash position.

4. This Court grants final approval of the Settlement Agreement, including but not limited to the general and specific releases therein, and finds that it is in all respects fair, reasonable, and in the best interests of the Settlement Class. Therefore, all members of the Settlement Class who have not opted out (i.e. every member of the Settlement Class other than The Deerwood Academy, Annette

Dupuie, Geiger Chiropractic, and Bethany Day Care Center *Dkt. Nos. 93-95, 107*) ("Settlement Class Members") are bound by this Order Finally Approving Settlement (the "Final Approval Order").

## Class Certification

5. The following class (the "Settlement Class"), which was previously preliminarily certified by the Court, is now finally certified pursuant to Rule 23(a) and (b)(3):

> All persons and entities with fax numbers that, during the Class Period (August 14, 2008 through and including May 1, 2014), were sent facsimiles by SHC and/or Hyland's and/or Handit2 promoting products offered by SHC and/or Hyland's or promoting participation in sampling programs for products offered by SHC and/or Hyland's.

6. The Court finds, for settlement purposes only, that (i) certification of the Settlement Class is appropriate under Rule 23(a) and (b)(3), and specifically that (ii) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members, (iii) Plaintiff's claims are typical of the claims of the Settlement Class, (iv) Plaintiff meets the requirements to represent the Settlement Class pursuant to Rule 23(a)(4) and will fairly and adequately represent the interests of the Settlement Class, (v) Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner & Goodwin, LLC meet the requirements to be appointed class counsel pursuant to Rule 23(g), and (vi) a class action is the superior method for the fair and efficient adjudication of this controversy. The Court specifically finds that the Class Action Settlement was

negotiated in good faith and at arm's length and was not the result of a reverse-auction or any improper collusion between the named parties or their counsel.

7. Pursuant to Rule 23(a)(4), the Court designates Plaintiff Affiliated Health Care Associates, P.C. as the class representative of the Settlement Class (the "Class Representative").

8. Pursuant to Rule 23(g), the Court appoints the following lawyers as class counsel: Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner and Goodwin, LLC, 20 S. Clark Street, Suite 1500, Chicago, Illinois 60603 (together, "Settlement Class Counsel").

## Class Notice

9. Notice of the Class Action Settlement was given to the Settlement Class in accordance with the plan provided for in the Settlement Agreement which fully complied with the requirements of Rule 23 (c)(2)(B) and (e)(1) and due process, constituted the best notice practicable under the circumstances, and was due and sufficient notice to all persons entitled to notice of the Class Action Settlement. In the Preliminary Approval Order, this Court approved the forms of actual notice and claim form sent to the Settlement Class pursuant to the terms of the Settlement Agreement. Although certain language defining the "Settlement Class" in the Claim Form differed from the definition of the Settlement Class as preliminarily and finally certified, the Court finds no basis for concluding that this difference discouraged any Settlement Class Member from participating in the settlement claims process. The Court also finds that the class notice adequately informed

Settlement Class Members that there was a cap on the amount they could expect to recover by submitting a claim.

10. Defendants' Counsel provided notice of the Class Action Settlement to the Attorney General of the United States and the attorneys general of every State in which Settlement Class Members (as defined below) reside, including the information required by 28 U.S.C. § 1715(b). (*Dkt. No. 81*.) The latest date on which such notice was provided was more than ninety (90) days prior to the entry of this Final Approval Order.

11. A total of 2,455 valid and timely claim forms were submitted by Settlement Class Members representing 5,624 transmissions. The 13 late claims representing 39 transmissions are allowed. Thus, a total of 2,468 claims were submitted representing 5,663 transmissions. Within this total, 410 claims were submitted by class members for fax numbers with California area codes representing 710 transmissions. Of the Settlement Class Members who took an affirmative step in response to the Notice of Class Action Settlement, the vast majority participated in the settlement by submitting claim forms.

## Objections and Opt-Outs

12. The objections of Edward Simon, DC, and Noah's Ark Child Center are overruled. The Court finds that the Objections by Edward Simon did not add a benefit or value to either the Settlement Class or to the California claimants within the Settlement Class. The Court denies Dr. Simon's request for a class representative incentive award and denies his counsel's request for reimbursement of attorney's fees and costs. (*Dkt. Nos. 83, 89*) The objection of Bethany Day Care

6

Center is treated as an op-out. (*Dkt. Nos. 92, 107*) Objector Simon submitted a claim form which will be allowed. Noah's Ark Child Center will be treated as having submitted a valid claim, which will be allowed. Thus, there are a total of 2,469 claims representing 5,672 transmissions.

13. A total of 4 persons or entities have validly requested exclusion from the Settlement Class. The persons or entities that have validly requested exclusion and thereby opted out of the Class Action Settlement are: The Deerwood Academy, Annette Dupuie, Geiger Chiropractic and Bethany Day Care Center, *Dkt. Nos. 93-95, 107*.

## Class Compensation

14. In accordance with the terms of the Settlement Agreement, Settlement Class Counsel or their agent established and are administering an account in the name of Affiliated Health Care Settlement Fund at Astoria Federal Savings Bank, located at 301 North Broadway, Jericho, NY, 11753 (the "Escrow Account"). Pursuant to the terms of the Settlement Agreement, Defendants must collectively fund a total of $1,400,000 (the "Settlement Fund") to be deposited into the Escrow Account. Defendants have advanced $30,000 for notice and administration expenses and have also paid $548,000 (which was forty percent (40%) of the remaining amount of $1,370,000 that the Defendants were required to pay into the Settlement Fund after credit for the $30,000 advance for notice and administration expenses) to Settlement Class Counsel to deposit into the Escrow Account in accordance with the terms of the Settlement Agreement and the Preliminary Approval Order.

15. In accordance with the terms of the Settlement Agreement, Defendants shall pay into the Escrow Account the remaining $822,000 that the Defendants are required to pay into the Settlement Fund (that is, sixty percent (60%) of $1,370,000) by no later than ten (10) business days after entry of this Final Approval Order.

### Related Litigation

16. On September 20, 2013, Edward Simon, DC, filed a class action complaint against Hyland's and Handit2 alleging that Hyland's and Handit2 violated the TCPA and the California Business & Professions Code § 17538.43(b) by transmitting unsolicited facsimile advertisements. That case was removed to the United States District Court for the Central District of California and is now captioned *Edward Simon, DC v. Hyland's, Inc.*, Case No. CV 2:13-7892 ABC (VBKx) (the "California Litigation"). In the Preliminary Approval Order, this Court preliminarily enjoined the class claims in the California Litigation from proceeding. *Dkt. No. 79.*

### Releases

17. Upon entry of this Final Approval Order, Plaintiff and each Settlement Class Member shall be deemed to have granted each of the releases and waivers set forth in the Settlement Agreement. The Court finds that each of the releases, including a general release, are reasonable. Those releases include any and all causes of action, suits, claims, or demands, in law or in equity, known or unknown, which Plaintiff and Settlement Class Members now have, did have, or may have in the future against the Released Parties, as that term is defined in the Settlement Agreement, under any legal theory, arising from or in any way relating to facsimiles

8

sent during the Class Period by SHC, Hyland's and/or Handit2 promoting products offered by SHC or Hyland's or promoting participation in sampling programs for products offered by SHC or Hyland's (the "Released Claims"). The Released Claims include, but are not limited to, all claims that were asserted or could have been asserted in the Litigation, including TCPA claims, other federal claims and any state law claims, and all claims that were asserted in the California Litigation.

18. Settlement Class Counsel has waived, discharged and released the Released Parties, as defined in the Settlement Agreement, of and from any and all claims for attorney's fees, by lien or otherwise, for legal services rendered by Settlement Class Counsel in connection with the Litigation.

19. The Settlement Agreement may be pleaded as a full and complete defense to any action, suit or other proceeding that may be instituted or prosecuted with respect to the Released Claims. Upon the Effective Date, as that date is defined in the Settlement Agreement, the Settlement Class shall be deemed to have waived the provisions and benefits of California Civil Code §1542, which provides that a general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her, must have materially affected his or settlement with the debtor. Further, Plaintiff and the Settlement Class Members shall be deemed to have expressly waived any and all provisions and rights or benefits which may be conferred upon them by any law, statute, ordinance or regulation which is similar, comparable or equivalent to California Civil Code §1542.

### Injunctive Relief

20. Defendants are hereby permanently enjoined from committing future violations of the TCPA and/or any FCC regulations promulgated thereunder in connection with their business activities.

21. Pursuant to the Court's discretionary authority under the All Writs Act, the Court finds that a permanent injunction is necessary and appropriate to provide certainty to and protect the Class Action Settlement in this Case. Plaintiff and every member of the Settlement Class are hereby permanently enjoined from commencing, prosecuting or continuing to pursue on behalf of any class any Released Claims against Handit2, SHC, and/or Hyland's and their respective parents, subsidiaries, affiliates, predecessors and successors in interest, and all of those entities' past and current officers, directors, shareholders, partners, members, employees, agents and insurers in such capacities as they relate to the actions that are the subject of the Litigation, specifically including, but not limited to, the class claims alleged in the Litigation and/or the California Litigation.

### Award of Attorneys' Fees, Costs and Incentive Award

22. The Court has considered Settlement Class Counsel's application for attorneys' fees and Edward Simon's Objections to the requested fees. (*Dkt. Nos. 86, 89, 97, 98*). The Court finds that the lodestar method is not the only way to measure value provided to the class and finds that the requested fees are reasonable based on the value of services Settlement Class Counsel provided here. The Court specifically finds that there is no imbalance between the total Settlement Fund and the requested attorneys' fees to suggest any improper collusion between Settlement

10

Class Counsel and the defendants. The Court awards Settlement Class Counsel the sum of $452,100, as an award of attorney's fees to be paid from the Settlement Fund, and finds that this amount of fees is fair and reasonable. Pursuant to the terms of the Preliminary Approval Order, Settlement Class Counsel shall not be reimbursed for any costs advanced to the Settlement Fund by Defendants for notice and administration expenses. Payment of Settlement Class Counsel's attorney's fees and costs may be distributed from the Settlement Fund within fourteen (14) days after the Effective Date, as that date is defined in the Settlement Agreement.

23. The Court grants Settlement Class Counsel's request for an incentive award to the Class Representative and accordingly awards $10,000 to Affiliated Health Care Associates, P.C. The Court finds that this payment is not an unreasonable award based on the Class Representative's service to the Settlement Class. This award may be distributed from the Settlement Fund within fourteen (14) days of the Effective Date, as that date is defined in the Settlement Agreement.

## Other Provisions

24. The Parties to the Settlement Agreement shall each carry out their respective obligations thereunder.

25. Neither the Settlement Agreement, the Preliminary Approval Order, this Final Approval Order, nor any of their provisions, nor any of the documents (including, but not limited to, drafts of the Settlement Agreement, the Preliminary Approval Order and/or the Final Approval Order), negotiations, or proceedings relating in any way to the Class Action Settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including

any by Defendant, and shall not be offered or received into evidence in this Litigation, the California Litigation, or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or as may be required by law or court order.

26. Prior to the Effective Date, as that date is defined in the Settlement Agreement, in the event that (a) the Settlement Agreement is terminated pursuant to its terms, (b) the Settlement Agreement otherwise does not become effective for any reason, or (c) this Final Approval Order is reversed, vacated, or modified in any material respect which is not mutually acceptable to the Parties, then (i) Settlement Class Counsel or their agent shall return all funds in the Escrow Account, less costs not exceeding $30,000 actually incurred for notice and administration, to counsel of record for Defendants within three (3) business days of that event and (ii) the Settlement Agreement shall be deemed null and void and shall be without prejudice to the rights of the parties thereto and shall not be used in any subsequent proceedings in this Litigation, the California Litigation or in any manner whatsoever. Until the Effective Date, no payments or distributions may be made from the Escrow Account other than for class notice and administration expenses, unless approved by this Court.

27. In the Preliminary Approval Order, this Court ordered that Class-Settlement.com, P.O. Box 9009, Hicksville, NY, 11802 ("Class Administrator") be the class administrator. The Class Administrator shall make all claim payments to and issue and collect W-9 forms from Settlement Class Members pursuant to the

terms of the Settlement Agreement. Specifically, the Class Administrator shall issue W-9 forms to Settlement Class Members within fourteen (14) days of the Effective Date and before any settlement checks are issued. Settlement Class Members shall have thirty (30) days to respond to a request to complete a W-9 form. Submission of a W-9 form is a condition precedent to receiving a settlement check in excess of $599.99.

28. Within ninety (90) days following the Effective Date of the Settlement Agreement, as that date is defined in the Settlement Agreement, Settlement Class Counsel or the Class Administrator shall distribute the Settlement Fund in accordance with the terms of the Settlement Agreement, unless W-9 forms need to be collected. If W-9 forms need to be collected, then within thirty (30) days following the expiration of time for class members to complete a W-9 form, Settlement Class Counsel or the Class Administrator shall distribute the Settlement Fund to the Settlement Class Members who have submitted valid claims in accordance with the terms of the Settlement Agreement. Settlement Class Counsel has advised the Court that the Class Administrator expects to distribute approximately 487 W-9 forms. A Settlement Class Member who is entitled to receive more than $599.99 and fails to submit a completed and valid W-9 form shall be deemed to have waived their claim to recover more than $599.99 and the maximum amount such Settlement Class Member may recover is $599.99. The Court finds that this potential waiver and limitation on recovery does not

discourage Settlement Class Members from participating in, or otherwise undermine the value of, the Class Action Settlement.

29. Settlement checks to the Settlement Class Members will be void sixty (60) days from date of issuance. Any Settlement Class Member who does not negotiate the settlement check issued to them within sixty (60) days of the date of issuance shall be deemed to have rescinded and withdrawn their claim for monetary compensation under the Settlement Agreement, but shall remain a member of the Settlement Class and bound by the terms of the Settlement Agreement and this Final Approval Order. The Court finds that this 60-day deadline is reasonable.

30. Pursuant to the terms of the Settlement Agreement, any unclaimed or undistributed amounts remaining in the Settlement Fund after all payments required under the Settlement Agreement have been made shall be distributed to a *cy pres* recipient. Plaintiff shall report on any undistributed or unclaimed settlement funds on August 31, 2015 and recommend a *cy pres* recipient. Payment is due in accordance with the timing set forth in the Settlement Agreement.

31. Settlement Class Counsel or the Class Administrator shall file an affidavit of final accounting of the Class Action Settlement by September 28, 2015.

32. Settlement Class Counsel shall submit a report on the final accounting of the Class Action Settlement by September 28, 2015. A hearing on the final accounting of the Class Action Settlement is set for October 7, 2015 at 10:00 a.m.

ENTER:

Dated: 2/3/15

Manish S. Shah
United States District Judge